IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY DEAN PIERCE,

    Petitioner,               No. 2:12-cv-0506 GGH P

    vs.

R.H. TRIMBLE,

                             <u>ORDER</u>

    Respondent.

    _____/

I. <u>Introduction</u>

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is respondent's motion to dismiss this case as it was filed beyond the one-year statute of limitations and is unexhausted, filed on May 14, 2012. Doc. 9. This case is before the undersigned pursuant to both parties' consent. Docs. 6, 8.

II. <u>Analysis</u>

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

1

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted of second degree murder and was sentenced to an indeterminate state prison term of fifteen years to life on October 25, 2006. Lodged Document (Lod. Doc.) 1. On March 24, 2009, the California Court of Appeal affirmed the judgement. Lod. Doc. 2. The California Supreme Court denied review on June 24, 2009. Lod. Doc. 3. Petitioner's conviction became final 90 days later, on September 22, 2009, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Time began to run the next day, on September 23, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until September 22, 2010, to file a timely federal petition, absent applicable tolling. The instant action, filed February 22, 2012,[1] is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed three state post-conviction collateral actions:

    1. December 21, 2009: First habeas petition filed in Yolo County Superior Court. Lod. Doc. 4. The petition was denied in a reasoned opinion on March 19, 2010. Lod. Doc. 5.

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

    2. April 24, 2010: Second habeas petition filed in California Court of Appeal, Third Appellate District. Lod. Doc. 6. The petition was denied without comment or citation on May 13, 2010. Lod. Doc. 7.

    3. July 28, 2010: Third habeas petition filed in the California Supreme Court. Lod. Doc. 8.[2] The petition was denied on February 23, 2011, with a citations to People v. Duvall, 9 Cal.4th 464, 474 (1995); In re Swain, 34 Cal.2d 300, 304 (1949). Lod. Doc. 9.

Petitioner filed the instant petition on February 22, 2012.

    Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414. Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

The first state petition was filed on December 21, 2009, 89 days after the statute of limitations began running, though there is no tolling for this pre-petition period. See Roy v. Lambert, 465 F.3d 964, 968 (9th Cir. 2006) (superseding 455 F.3d 945). Respondent concedes

---

[2] Petitioner signed a declaration for this petition indicating that he sent it to the state court on July 28, 2010, but sent it to the Attorney General on July 14, 2010.

that the petition was properly filed on December 21, 2009, and then denied on March 19, 2010. Petitioner promptly and properly filed the second state petition on April 24, 2010, that was denied on May 13, 2010. Therefore, petitioner is entitled to 144 days of tolling for the pendency of these petitions and the interval between. See Pace. The new expiration date for the statute of limitations was February 13, 2011.

The second state petition was denied on May 13, 2010, but the third state petition was not filed until 75 days later, on July 28, 2010. That petition was denied on February 23, 2011. Respondent concedes that petitioner is entitled to tolling during the pendency of the petition, 211 days. Thus the new expiration date was September 12, 2011. However, respondent argues that petitioner is not entitled to the 75 days of interval tolling, citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that interval delays of 81 days and 92 days between filings was unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding that delays of 101 and 115 days between filings were unreasonable and therefore not entitled to interval tolling); Sok v. Substance Abuse Training Facility, 2011 WL 3648474, *5 (E.D. Cal. Aug. 17, 2011)(unpublished) (surveying several cases and finding "a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay 'substantially' longer than sixty days is not reasonable.").

Petitioner argues that 75 days is not excessive and he should be entitled to interval tolling, citing many cases. However, it is undisputed that the final state petition was denied by the California Supreme Court on February 23, 2011, but petitioner waited approximately one year to file the instant federal petition on February 22, 2012. Even though respondent noted this one year delay in the motion to dismiss, petitioner does not discuss why he waited a year to file the federal petition nor is there any statutory tolling available between the final state petition and a federal petition.[3] See Roy v. Lambert, 465 F.3d 964, 968 (9th Cir. 2006) (superseding 455 F.3d

---

[3] Nor does petitioner argue for equitable tolling.

4

945). Petitioner spends the bulk of his opposition discussing the 75 day interval between the second and third petition. Even assuming petitioner should be entitled to the extra 75 days of tolling and thus a total of 430 days of tolling from the filing of his first habeas petition in superior court to the final denial by the California Supreme Court and all the intervals between, the new expiration date would be November 26, 2011. Petitioner would still be nearly three months late as the instant federal petition was filed on February 22, 2012. Thus, it is quite evident that this federal petition is untimely. As the petition is untimely, the court will not address the exhaustion argument as even if the claims were fully exhausted or if the court as petitioner requests were to construe the claims as exhausted, most of the claims must still be dismissed as filed beyond the statute of limitations.

Actual Innocence

The petition contains five claims. As discussed above all the claims are untimely, thus claims one through four must be dismissed. Claim five contends that petitioner is actually innocent based on the constitutional violations set forth in claims one through three.[4] Based on the facts set forth by petitioner[5] there was an altercation at a party between petitioner and the victim and petitioner states there is a history of the victim attacking, threatening and stalking petitioner. Petitioner got into his truck to leave and the victim followed and threw something at the truck. Petitioner reversed the truck and the victim followed menacingly. It is not exactly clear what happened next except the truck "burned out," hit a mailbox, then struck the curb of the median divider. The truck went into the air and landed headed toward the field where the victim was standing. The truck hit another curb, went airborne again, landed on the sidewalk and the field where the victim was, where it struck and killed him.

\\\\\

---

[4] Petitioner concedes that this actual innocence claim is unexhuasted.

[5] The California Court of Appeals opinion does not contains a factual summary, so the court is unable to confirm petitioner's recitation of the facts.

In claim two, petitioner asserts that counsel was ineffective for failing to produce witnesses that could testify to the victim's previous attacks on petitioner to reduce petitioner's culpability to manslaughter or imperfect self defense.  In claim three, petitioner argues that the trial court erred in denying petitioner the use of the victim's past records from various law enforcement agencies to show that the victim was the aggressor.  Petitioner later argues that by denying these 247 documents, the trial court prevented petitioner from generating newly discovered relevant exculpatory evidence that was not disclosed to the defense.  Petition at 6-H.  Though, in his petition to the California Supreme Court, petitioner states that a reasonable investigation would more than likely reveal exculpatory evidence.  Lod. Doc. 8.  It is not clear if petitioner has exculpatory evidence or just believes it exists, nor is it clear what specifically is in the 247 documents.

Should petitioner be presenting a viable actual innocence claim, then the statute of limitations would not be fatal to the claim, as actual innocence constitutes an equitable exception to the AEDPA limitations period.  See Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011) (en banc).  Though as presented, petitioner's claim is not specific enough to determine the exact nature of the claim, and of course it is unexhuasted.  A credible claim of actual innocence "requires a petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial."  Lee, at 938 (internal quotation marks omitted).  Then, considering the total record, "the court makes a probabilistic determination" about whether every juror, properly instructed, would have reasonable doubt in the light of the new evidence.  Id. (internal quotation marks omitted).

In addition, as it is undisputed that petitioner actually ran over the victim which led to his death, there also exists a legal question if being guilty of a lesser included offense is covered by "actual innocence."  In Gandarela v. Johnson, 286 F.3d 1080 (9th Cir. 2002), the Ninth Circuit held that, "[t]he required evidence must create a colorable claim of actual innocence, that the petitioner 'is innocent of the charge for which he [is] incarcerated,' as

opposed to legal innocence as a result of legal error." Id., at 1085 (citations omitted). In a recent Eleventh Circuit decision, Rozelle v. Secretary, Florida Department of Corrections, 672 F.3d 1000 (11th Cir. 2012), the petitioner like petitioner here was claiming that he was actually innocent of second-degree murder and guilty of only manslaughter because "new" evidence showed he lacked a "depraved mind" and killed the victim only in the heat of passion. Id., at 1012. The Eleventh Circuit held that the actual innocence "gateway" to an otherwise procedurally defaulted or time-barred petition for habeas relief does not extend to petitioners who did the killing and whose alleged actual innocence of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide. See Rozelle, 672 F.3d 1000, 1015; see also Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). The Eleventh Circuit in Rozelle cited to the Ninth Circuit's decision in Jaramillo v. Stewart, 340 F.3d 877 (9th Cir. 2003), as an example of a case involving a complete affirmative defense to criminal conduct that was held to correspond with Schlup's actual innocence requirement. In Jaramillo, the proffered new evidence concerned justification pursuant to self defense in a murder case, and if it had been proven would have made the conduct non-criminal and thus the petitioner actually innocent of the offense charged. Id., at 883. However, in the instant case, petitioner is only arguing that he is actually innocent of second degree murder and is instead guilty of manslaughter or involuntary manslaughter based on the nature of the incident.

        Several California district courts have reached the same conclusion. See, e.g., Gerolaga v. Kramer, 2009 WL 3627940, at *6 (E.D. Cal. Oct. 29, 2009) (ruling that the petitioner had failed to raise "a proper and cognizable claim within the meaning of the 'actual innocence' exception under Schlup where he appeared to claim that he is actually innocent of attempted murder because the injuries suffered by his victim were not sufficient to support that charge, but also appeared to concede that he was guilty of committing lesser offenses against the victim); Clark v. Martel, 2009 WL 3489410, at *5 (E.D. Cal. Oct. 26, 2009) (ruling that the petitioner had failed to raise a colorable actual innocence claim where he appeared to argue that

he was actually innocent of first degree murder, but conceded that he was guilty of second degree murder), affirmed, 451 Fed. Appx. 695 (9th Cir. 2011); <u>Burleson v. California Dept. of Corrections and Rehabilitation</u>, 2009 WL 2941516, at *4–*5 (N.D. Cal. Sept. 10, 2009) (ruling that the petitioner had not raised a proper claim that fit within the "actual innocence" exception where he admitted to having committed the killing, but maintained that the offense should have been voluntary manslaughter instead of second degree murder, based on a theory of imperfect self-defense).

Out of an abundance of caution, petitioner shall be allowed to file additional briefing within 21 days specifically describing the nature of his actual innocence claim. Simply stating that the 247 documents denied by the trial court would have demonstrated his innocence is insufficient. If petitioner has discovered new evidence, he must submit it. After reviewing petitioner's filing, the court will determine if it is necessary for respondent to file additional briefing.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to proceed in forma pauperis (Doc. 7) is granted;

2. The motion to dismiss (Doc. 9) is granted in part, in that claims one, two, three and four are dismissed as untimely;

3. Petitioner shall file briefing within 21 days describing in more detail his actual innocence claim as set forth above. Failure to file briefing will result in this claim and the petition being dismissed.

DATED: September 17, 2012

                     /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

GGH: AB
pier0506.mtd