IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY DEAN PIERCE,

    Petitioner,                  No. CIV S-12-0506 GGH P

    vs.

R.H. TRIMBLE,                        ORDER

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judgment was entered in this case on February 14, 2013, but petitioner has filed a letter requesting that he be permitted to continue litigating his claim. The court construes this request as a motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(b).

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

1

neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

Petitioner explains that he has been unable to file the briefing required by the court due to lockdowns, limited library staffing based on budget concerns, and because he gave his important legal documents to a jailhouse lawyer who passed them on to another inmate who then was transferred to another facility and took petitioner's documents with him.  Petitioner adds, "As God as my witness, I am innocent of the crime for which I currently stand convicted...."

This court initially ordered petitioner to file briefing concerning his actual innocence claim within twenty-one days of its September 17, 2012 order.  Petitioner was granted two extensions of time.  With the second extension on November 27, 2012, petitioner was advised that "[n]o further extensions of time will be granted." (Dkt. no. 24.)  There is no indication that petitioner did not receive any of the orders.  This court did not dismiss the action until February 14, 2013, a month and a half after the briefing was due.  Petitioner had a total of almost five months to file briefing before this case was finally dismissed.

In any event, because petitioner claims he is innocent of the crime for which he was convicted, which may be a reason justifying relief from the operation of the judgment, and because he has demonstrated excusable neglect, the judgment will be vacated and petitioner will be given one final opportunity to file the briefing ordered in September, 2012.  Petitioner is

1 warned, however, that under no circumstances will he receive any extensions of time, and that
2 his action will be dismissed if he does not file the required briefing according to this order.
3      In accordance with the above, IT IS HEREBY ORDERED that:
4      1. Plaintiff's letter, filed March 15, 2013, construed as a motion for relief from
5 judgment pursuant to Rule 60(b), (Doc. 27), is granted. The order of dismissal and judgment
6 entered February 14, 2013, are vacated.
7      2. Petitioner shall file the briefing concerning his actual innocence claim in
8 accordance with this court's September 17, 2012 order, within **thirty** days of this order. Failure
9 to file the required writing will result in a recommendation that the judgment be reinstated.
10 DATED: April 11, 2013

          /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

GGH:076/Pier0506.60b.wpd