1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RANDY DEAN PIERCE,                                No.  2:12-cv-0506 GGH P

12                   Petitioner,

13          v.                                          ORDER

14   R.H. TRIMBLE,

15                   Respondent.

16

17          By orders of September 17, 2012 and April 12, 2013, petitioner was directed to file

18   briefing regarding his actual innocence claim.  Petitioner has filed the required briefing and

19   respondent has filed a response.  Petitioner has also requested appointment of counsel.

20   I.  Request for Appointment of Counsel

21          Petitioner has requested the appointment of counsel.  There currently exists no absolute

22   right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460

23   (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

24   of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

25   In the present case, the court does not find that the interests of justice would be served by the

26   appointment of counsel at the present time.

27   /////

28   /////

                                                       1

II. <u>Actual Innocence Claim</u>

The order of September 17, 2012 found all claims to be untimely and dismissed claims one through four on this basis.  Although claim five, the actual innocence claim, was also untimely, the court, out of an abundance of caution, directed petitioner to file briefing concerning that claim which may constitute an equitable exception to the AEDPA limitations period.  <u>See</u> <u>Lee v. Lampert</u>, 653 F.3d 929, 932 (9th Cir. 2011) (en banc).  Petitioner was instructed to specifically describe the nature of this claim, and to submit newly discovered evidence, if he had it.  In that order, the court described the hurdles involved in this case, which are repeated here.

A credible claim of actual innocence "requires a petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial."  <u>Lee</u>, at 938 (internal quotation marks omitted).  Then, considering the total record, "the court makes a probabilistic determination" about whether every juror, properly instructed, would have reasonable doubt in the light of the new evidence.  <u>Id.</u> (internal quotation marks omitted).

In addition, as it is undisputed that petitioner actually ran over the victim which led to his death, there also exists a legal question if being guilty of a lesser included offense is covered by "actual innocence."  In <u>Gandarela v. Johnson</u>, 286 F.3d 1080 (9th Cir. 2002), the Ninth Circuit held that, "[t]he required evidence must create a colorable claim of actual innocence, that the petitioner 'is innocent of the charge for which he [is] incarcerated,' as opposed to legal innocence as a result of legal error."  <u>Id.</u>, at 1085 (citations omitted).   In a recent Eleventh Circuit decision, <u>Rozelle v. Secretary, Florida Department of Corrections</u>, 672 F.3d 1000 (11th Cir. 2012), the petitioner like petitioner here was claiming that he was actually innocent of second-degree murder and guilty of only manslaughter because "new" evidence showed he lacked a "depraved mind" and killed the victim only in the heat of passion. <u>Id.</u>, at 1012.  The Eleventh Circuit held that the actual innocence "gateway" to an otherwise procedurally defaulted or time-barred petition for habeas relief does not extend to petitioners who did the killing and whose alleged actual innocence of a non-capital homicide conviction is premised on being guilty of only a lesser degree of homicide.  <u>See Rozelle</u>, 672 F.3d 1000, 1015; <u>see also</u> <u>Beavers v. Saffle</u>, 216 F.3d 918, 923 (10th Cir. 2000).   The Eleventh Circuit in <u>Rozelle</u> cited to the Ninth Circuit's decision in <u>Jaramillo v. Stewart</u>, 340 F.3d 877 (9th Cir. 2003), as an example of a case involving a complete affirmative defense to criminal conduct that was held to correspond with Schlup's actual innocence requirement.   In <u>Jaramillo</u>, the proffered new evidence concerned justification pursuant to self defense in a murder case, and if it had been proven would have made the conduct non-criminal and thus the petitioner actually innocent of the offense charged.  <u>Id.</u>, at 883. However, in the instant case, petitioner is only arguing that he is actually innocent of second degree murder and is instead guilty of

manslaughter or involuntary manslaughter based on the nature of the incident.

Several California district courts have reached the same conclusion. See, e.g., Gerolaga v. Kramer, 2009 WL 3627940, at *6 (E.D. Cal. Oct. 29, 2009) (ruling that the petitioner had failed to raise "a proper and cognizable claim within the meaning of the 'actual innocence' exception under Schlup where he appeared to claim that he is actually innocent of attempted murder because the injuries suffered by his victim were not sufficient to support that charge, but also appeared to concede that he was guilty of committing lesser offenses against the victim); Clark v. Martel, 2009 WL 3489410, at *5 (E.D. Cal. Oct. 26, 2009) (ruling that the petitioner had failed to raise a colorable actual innocence claim where he appeared to argue that he was actually innocent of first degree murder, but conceded that he was guilty of second degree murder), affirmed, 451 Fed. Appx. 695 (9th Cir. 2011); Burleson v. California Dept. of Corrections and Rehabilitation, 2009 WL 2941516, at *4–*5 (N.D. Cal. Sept. 10, 2009) (ruling that the petitioner had not raised a proper claim that fit within the "actual innocence" exception where he admitted to having committed the killing, but maintained that the offense should have been voluntary manslaughter instead of second degree murder, based on a theory of imperfect self-defense).

(Order, filed September 17, 2012, at 6-8.) (ECF No. 19.) [1]

Respondent has also cited a recently issued Supreme Court case on the subject, which reasserts the standards required.

We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013).

/////

---

[1]   Respondent points to another district court case which declined to find an actual innocence claim where the petitioner admitted to guilt of a lesser offense.  See Felix v. Cate, 2012 WL 2874398, *13 (C.D. Cal. May 8, 2012).

3

1   Petitioner's briefing on his actual innocence claim contains nothing more than legal
2   authority, along with some of the same assertions previously found inadequate by this court.
3   Petitioner argues that he was aggressively pursued by the victim, that he was fleeing for safety
4   and away from further harm when he lost control of his truck which landed on the victim by
5   accident.  He continues to claim that his fleeing distinguishes "this case from that of murder,
6   including either form of manslaughter…."  He repeats his assertions that the outcome of the trial
7   would have been different if his attorney had not been ineffective in completing an adequate
8   investigation and preparation, and investigating "the most rudimentary underpinnings of
9   petitioner's claim of innocence."  In sum, petitioner asks this court to retry the facts which were
10  available to, or which were presented in, the state court.  Moreover, actual innocence is a different
11  claim than ineffective assistance of counsel.

12      Unfortunately, these assertions are not what petitioner was ordered to present to this court.
13  Petitioner has failed to describe in more specific detail the nature of his actual innocence claim.
14  He has merely repeated the same basic assertions already presented to the court.  He has failed to
15  submit any of the 247 documents allegedly denied at the trial which would have demonstrated his
16  innocence.  He has also not submitted any declarations by witnesses who could speak to the
17  victim's past aggressions toward petitioner, such as those suggested in his petition.  (ECF No. 1 at
18  6-F.)  Nor has he submitted evidence of his mental state at the time of the incident, including his
19  alleged "unconsciousness" based on his use of Haloperidol.  (Id. at 6-E.)  He has failed to submit
20  any evidence whatsoever in support of his actual innocence claim, let alone newly discovered
21  evidence that was not presented at trial.

22      Furthermore, pursuant to the line of cases outlined above, petitioner's conviction for
23  second degree murder and his argument in claim two that his culpability should have been
24  reduced to manslaughter if his counsel had been effective in producing witnesses testifying to the
25  victim's previous attacks on petitioner, demonstrate that an actual innocence claim is not
26  available to petitioner where, as he argues here, he would have been found guilty of a lesser
27  included offense.
28  /////

4

1    Therefore, the court finds that petitioner has not presented a colorable claim of actual

2  innocence, and claim five is time barred for the reasons stated in the September 17, 2012 order.[2]

3    Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

4  issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

5  certificate of appealability may issue only "if the applicant has made a substantial showing of the

6  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in this order, a

7  substantial showing of the denial of a constitutional right has not been made in this case.

8  CONCLUSION

9    Accordingly, IT IS HEREBY ORDERED that:

10    1.  Petitioner's May 23, 2013 request for appointment of counsel is denied without

11  prejudice;

12    2.  Respondent's motion to dismiss claim five (ECF No. 9) is granted based on

13  untimeliness;

14    3.  This action is dismissed; and

15    4.  This court declines to issue a certificate of appealability.

16  Dated: October 15, 2013

17                                         /s/ Gregory G. Hollows

18                                  UNITED STATES MAGISTRATE JUDGE

19

20  GGH:076/Pier0506.110

21

22

23

24

25

26

27

28

---

[2]  As this court stated previously, this claim is also unexhausted, however, exhaustion will not be addressed as this claim must be dismissed as filed beyond the statute of limitations.